**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| JACQUELINE FILS,<br><br>             Plaintiff,<br>vs.<br><br>CAPITAL ONE AUTO FINANCE,<br><br>             Defendant. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Jacqueline Fils ("Plaintiff") brings this action against defendant Capital One Auto Finance ("Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Defendant issued a car loan to Plaintiff and furnished inaccurate payment status information that was included on Plaintiff's TransUnion and Equifax reports. Although Plaintiff disputed the reporting in writing to the credit bureaus, and the bureaus notified Defendant about the disputes, Defendant failed to correct the reporting. Plaintiff later was denied an extension of credit based on information furnished by Defendant, and has been forced to deal with aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**PARTIES**

2. Plaintiff resides in Lehigh Acres, Florida and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

3. Defendant is a foreign corporation that regularly conducts business in this District. Defendant qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

4. The claims asserted in this complaint arise under §1681s-2(b) of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

5. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

6. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

7. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

8. Credit bureaus must immediately notify furnishers if a consumer disputes the accuracy of information reported by that furnisher. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

9. Plaintiff has a legally protected interest in Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Defendant Willfully Violated the FCRA and Harmed Plaintiff**

10. Defendant has been furnishing inaccurate payment status information on Plaintiff's auto loan account, which was then included on Plaintiff's TransUnion and Equifax credit reports.

11. Specifically, although the account was closed and had a $0 balance, Defendant reported that the payment status of the account was 60-89 days late.

12. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on his payments, when that was not the case.

13. On May 11, 2020, Plaintiff disputed the reporting by submitting written disputes through TransUnion's and Equifax's FCRA compliance departments.

14. TransUnion and Equifax, in turn and as required by federal statute, notified Defendant of Plaintiff's disputes.

15. The receipt of the disputes triggered Defendant's obligation to conduct an investigation, mark the account as disputed, and correct the misleading reporting.

16. Defendant, however, failed to conduct an investigation, failed to mark the account as disputed, and failed to correct the misleading reporting.

17. Plaintiff was later denied an extension of credit based on information contained in his reports, which included the misleading delinquency on the Capital One Auto Finance account.

18. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

19. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION
## COUNT I
### Against Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

20. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

21. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) *conduct an investigation with respect to disputed information*;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added):

22. Defendant failed to conduct a timely and reasonable investigation of Plaintiff's disputes after receiving notice thereof from TransUnion and Equifax.

23. Defendant willfully, intentionally, recklessly, and/or negligently continued to report inaccurate information to TransUnion and Equifax.

24. Instead of removing the inaccurate information, Defendant improperly verified that the reporting was accurate.

25. As a result of Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress

26. Defendant's conduct was a direct and proximate cause of Plaintiff's damages.

4

27.     As a result of Defendant's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)      awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b)      awarding attorney's fees and costs, and other relief; and

c)      awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: August 28, 2020              **COHEN & MIZRAHI LLP**
                                    YOSEF STEINMETZ
                                    FLORIDA BAR NO. 119968


                                    */s/ Yosef Steinmetz*
                                    YOSEF STEINMETZ

                                    300 Cadman Plaza West, 12th Floor
                                    Brooklyn, NY  11201
                                    Telephone:  929/575-4175
                                    929/575-4195 (fax)
                                    yosef@cml.legal

                                    *Attorneys for Plaintiff*